**Garland Rex BRINLEE, Jr., Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–17484.**

Court of Criminal Appeals of Oklahoma.

Aug. 8, 1973.

**344**

Thomas Dee Frazier, Frazier & Frazier, Tulsa, Newell E. Wright, Jr., Cornish, Cornish & Wright, Inc., McAlester, Oklahoma, for appellant.

Larry Derryberry, Atty. Gen., Michael Cauthron, Asst. Atty. Gen., for appellee.

## DECISION AND OPINION

BOARD, Presiding Judge.

Appellant, Garland Rex Brinlee, Jr., was convicted in the District Court of Okmulgee County, Oklahoma, Case No. CRF–71–115 for the offense of Murder, and was sentenced to serve life in the state penitentiary. From that conviction his appeal to this Court has been perfected.

However, this Court has been advised by the Warden at the Oklahoma State Peni-tentiary at McAlester, Oklahoma, that on or about the 6th day of August, 1973, appellant escaped from confinement in the state penitentiary and now remains at large. This Court has long held that an appeal from a conviction will be dismissed where the accused is a fugitive from justice, or otherwise beyond the jurisdiction of the Court. See: Tyler v. State, 3 Okl. Cr. 179, 104 P. 919 (1909); Winters v. State, 31 Okl.Cr. 280, 238 P. 506 (1925); Barnard v. State, 32 Okl.Cr. 395, 241 P. 199 (1925); and Exline v. State, 48 Okl. Cr. 181, 290 P. 349 (1930).

We are therefore of the opinion that appellant's appeal from his conviction in Case No. CRF–71–115 from the District Court of Okmulgee County, Oklahoma, should be dismissed, and the Clerk of this Court is directed to issue the Mandate Forthwith. It is so ordered.

BAILEY and BACON, JJ., concur.

BACON, Judge (specially concurring).

I concur with my colleagues in the dismissal of this appeal. While it is my strong belief that every appeal should be considered on its merits, that belief is predicated upon the premise that an appellant will conduct himself and his appeal in a manner prescribed by the laws of the state of Oklahoma. By the appellant's voluntary act of escaping from confinement in the Oklahoma State Penitentiary and becoming a fugitive from justice while all conscientious efforts are being made by his attorneys to protect his rights on appeal of a valid judgment and sentence, the appellant himself has foreclosed his own right to have his appeal further considered on the merits. Under the cases cited above it is clearly the settled law in the state of Oklahoma that dismissal of this appeal is therefore proper.