**Garland Rex BRINLEE, Jr., Appellant,**

**v.**

**STATE of Oklahoma, Appellee.**

**No. PC–75–390.**

Court of Criminal Appeals of Oklahoma.

Aug. 31, 1976.

</div>

Jack B. Sellers, Sapulpa, for appellant.

Larry Derryberry, Atty. Gen., Frank Muret, Asst. Atty. Gen., for appellee.

## OPINION

YOUNG, Special Judge.

Appellant, Garland Rex Brinlee, Jr., hereinafter referred to as defendant, was convicted by a jury in the District Court of Okmulgee County for the offense of Murder and sentenced to Life Imprisonment on November 29, 1971. Thereafter defendant appealed his conviction to the Court of Criminal Appeals. Briefs of both defendant and the State were submitted and assignments of error were argued, and the case was under consideration by the appeals court. On August 6, 1973, defendant escaped from confinement at the Oklahoma State Penitentiary. On August 8, 1973 an order was entered in *Brinlee v. State,* Okl.Cr., 513 P.2d 343 (1973), dismissing the appeal on account of defendant's absence from the jurisdiction and his waiver of his right to appeal by escaping.

As a result of defendant's escape defendant was charged, tried and convicted in the District Court of McIntosh County, Oklahoma, for the offense of Escaping from a State Prison, a felony. Defendant's punishment for the escape was fixed by the Court at five years' imprisonment, which conviction was affrmed by this court on December 3, 1975—*Brinlee v. State,* Okl. Cr., 543 P.2d 744 (1975).

The instant post-conviction appeal was initiated in the District Court of Okmulgee County on April 25, 1975.

The State moved in the trial court to dismiss the application for post-conviction relief because it alleged only matters which were included in his original appeal that was dismissed when defendant escaped from prison.

The trial court entered an order sustaining the State's motion to dismiss and dismissing defendant's post-conviction application on the basis of the State's objections. From that order dismissing defendant's application for post-conviction relief, defendant appeals to this Court.

The State has filed in this Court a supplemental motion to dismiss alleging that defendant has again escaped from custody on June 19, 1976. It was stipulated at oral argument before this Court that defendant is now again in custody, and that the record in this case is substantially the same as that of the original appeal.

The defendant in his post-conviction appeal to the trial court and in his appeal to this court from the dismissal of his post-conviction appeal raises twelve allegations as grounds for relief. It has been stipulated, and there is no question that ten of these allegations involved alleged error at the trial and these errors were raised by defendant in his original appeal to this court which was dismissed when he escaped. In addition to these ten grounds, he alleges as Proposition 11 that he was denied due process by dismissal of his original appeal and that he had ineffective counsel for the original appeal. Also, Proposition 12 alleges that the State used False and Insufficient Evidence at the trial to prosecute the defendant. We will treat these latter two Propositions later in the Opinion.

When this Court dismissed the appeal of defendant because of his escape it was following a long established line of cases beginning in 1909 and remaining unchanged through the present.

We hold that the voluntary escape of defendant from custody which resulted in the dismissal of his appeal was a waiver of all errors raised in his original appeal. In so doing we are following the general rule.

"Generally, post-conviction hearing statutes do not afford relief in the case of alleged errors for which remedies were available before and during the original trial, or by review on motion for a new trial or on appeal. These statutes

were not intended to afford a procedure to operate as a substitute for a motion for a new trial, or for an appeal or writ of error; and ordinarily a judgment of conviction may not be challenged on grounds which could have been raised by direct appeal. Accordingly, unless accused was unable to secure appellate review of his conviction because he was indigent and could not afford the necessary transcript, failure to avail himself of the right to appellate review precludes the right to invoke the review provisions of a post-conviction hearing statute. 24 C.J.S. Criminal Law § 1606 (9) b.

Our statute follows this general rule:

"All grounds for relief available to an applicant under this act must be raised in its original, supplemental or amended application. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the applicant has taken to secure relief may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the prior application." 22 O.S. 1086 (1971)

Defendant asserts that this Court has permitted an application for post-conviction relief to be presented after the appeal was dismissed because defendant escaped *Stevens v. State,* Okl.Cr., 540 P.2d 1199 (1975). It is true that the trial court considered such an appeal, and this Court reviewed the decision of the trial court; however, a careful reading of this decision does not contain any reference whatsoever to the problem presented herein.

■ The State did not file any objections to the consideration in the trial court of the post-conviction appeal, and the trial court considered the appeal on its merits. Upon appeal to this court, that matter could not be raised for the first time by the State, *Stewart v. State,* Okl.Cr., 495 P.2d 834 (1972). This set of facts does not establish a rule either way. The fact that something was done in one case does not make such procedure proper or improper unless specifically approved or disapproved by this court. The question of defendant's standing to institute post-conviction relief after his original appeal was dismissed because he escaped was not even mentioned in the STEVENS Case, and we find such case not in point.

■ Defendant asserts that the waiver of his appeal was not made *knowingly, voluntarily,* or *intelligently* as required in 22 O.S. 1086.

This court has held that when a defendant knowingly in open court waives his right to appeal that he cannot thereafter be heard on post conviction for errors that occurred at the trial, *Tate v. State,* Okl. Cr., 489 P.2d 501 (1971). It would be a mockery of justice to hold that the defendant Brinlee, who has demonstrated his utter disregard for the laws of this State by escaping another felony, has greater rights than the defendant Tate.

■ Defendant presents two additional propositions which were not available or could have not been raised in his original appeal. The first proposition that he had incompetent counsel on his appeal has been considered by the trial court and by this court and found to have no merit. The defendant caused the dismissal of his appeal by his own voluntary act, and the attorney was helpless to prevent the appeal from being dismissed.

■ The second proposition alleges that False and Insufficient Evidence was presented at his trial. In support of this proposition, a partial transcript of the testimony of Paul Ferguson given at defendant's trial on April 23, 1973 in Federal Court in North Dakota is furnished. Defendant asserts that this transcript reveals that his murder trial contained false testimony. A close reading of this transcript reveals just the opposite. The witnesses in

the North Dakota trial testified substantially as they did at the murder trial. We find this allegation to be totally without merit on its face.

The decision of the trial court dismissing the application for post-conviction appeal of defendant is affirmed.

HERT, Special Presiding Judge and BROCK, Special Judge, concur.

All Judges specially assigned.