Walter MELVIN, Petitioner,

v.

The DISTRICT COURT OF GRADY COUNTY, and the State of Oklahoma, et al., Respondents.

No. O-77-509.

Court of Criminal Appeals of Oklahoma.

Aug. 11, 1977.

---

OPINION

BRETT, Judge.

Petitioner, Walter Melvin, hereinafter referred to as defendant, was charged in the District Court, Grady County, Case No. CRF–74–140, with the offense of Robbery With Firearms, After Former Conviction of a Felony. He was convicted by a jury, and on May 22, 1975, was sentenced to a term of twenty (20) years in the Oklahoma State Penitentiary. On June 1, 1975, prior to his transfer to the penitentiary, he escaped from the Grady County Jail, and although the defendant had been advised of his right to appeal, no appeal was perfected due to his escape from custody. The defendant was recaptured, and thereafter pleaded guilty to the offense of Escape from a penal institution. For that offense he was sentenced to a term of two (2) years' imprisonment on February 19, 1976. Subsequently, the defendant applied to the District Court, Grady County for a transcript at public expense of the proceedings in Case No. CRF–74–140, for the purpose of applying for post-conviction relief. That application was denied by the District Court in an Order of June 9, 1977, in which the court found that the defendant had by his escape waived appellate relief. The defendant has appealed this denial to this Court, and notwithstanding the fact that his Petition has been filed out of time, we have given full consideration to the merits of his Petition.

The facts in this case closely parallel those of *Brinlee v. State*, Okl.Cr., 554 P.2d 816 (1976). In that case the defendant had appealed his conviction for Murder, but then had escaped while the appeal was pending. The appeal was accordingly dismissed. *Brinlee v. State*, Okl.Cr., 513 P.2d 343 (1973). Subsequently, the defendant petitioned for post-conviction relief, raising substantially the same grounds raised in the dismissed appeal. The Petition was denied *Brinlee, supra*, 554 P.2d 816. In that appeal the Court held that by his voluntary escape from custody, the defendant had waived his objection to all errors raised in the original appeal, citing 22 O.S.1971, § 1086.

In the instant case the defendant has raised six alleged errors in his original trial. However, all of these grounds for relief are of such a nature that they could clearly have been raised in an original appeal—*the appeal that the defendant waived by escaping*. In accordance with *Brinlee v. State*, Okl.Cr., 513 P.2d 343 (1973), *Brinlee v. State*, Okl.Cr., 554 P.2d 816 (1976), and 22 O.S.1971, § 1086, the decision of the trial court denying the defendant a transcript at public expense is AFFIRMED.

IT IS SO ORDERED.

BUSSEY, P. J., concurs.