**Lavon William AUSTIN, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. PC–77–632.**

Court of Criminal Appeals of Oklahoma.

Sept. 13, 1977.

ORDER AFFIRMING DENIAL OF POST CONVICTION RELIEF

The Appellant, Lavon William Austin, hereinafter referred to as defendant, was charged in the District Court, Oklahoma County, Case No. CRF–73–3213, with the offense of Attempted Robbery With Firearms, After Former Conviction of a Felony. He was convicted by a jury and was sentenced to One Hundred (100) years in the State Penitentiary. From that judgment and sentence he brought a timely appeal to this Court. During the pendency of that appeal the defendant escaped from custody, and thereafter this Court entered an order dismissing said appeal. While an escapee from Oklahoma the defendant was convicted of Bank Robbery in the State of Washington, and he is now incarcerated in the Federal Penitentiary in that State. Subsequent to his conviction in Washington, the defendant filed in the District Court, Oklahoma County, an application for Post-Conviction Relief, which was denied. He has appealed that denial to this Court.

We have uniformly held that an appeal will be dismissed when the appellant escapes from custody, or is otherwise beyond the jurisdiction of the Court. See, *Tyler v. State,* 3 Okl.Cr. 179, 104 P. 919 (1909); and *Brinlee v. State,* Okl.Cr., 513 P.2d 343 (1973). In *Molinaro v. New Jersey,* 396 U.S. 365, 90 S.Ct. 498, 24 L.Ed.2d 586 (1970), the United States Supreme Court stated:

"No persuasive reason exists why this Court should proceed to adjudicate the merits of a criminal case after the convicted defendant who has sought review escapes from the restraints placed upon him pursuant to the conviction. While such an escape does not strip the case of its character as an adjudicable case or controversy, we believe it disentitles the defendant to call upon the resources of the Court for determination of his claims."

We are of the opinion that the defendant who flees or escapes from the jurisdiction of the the Court during the pendency of an appeal, or within the time in which an appeal could have been perfected, has "disentitled" himself not only to a determination of his original appeal, but also to any subsequent raising of those issues which could have been raised on that appeal. See, *Brinlee v. State,* Okl.Cr., 554 P.2d 816 (1976), and *Melvin v. District Court,* Okl.Cr., 567 P.2d 1011 (1977). In a subsequent action for Post-Conviction Relief he may raise only those issues which could not have been raised in the original appeal:

"We hold that the voluntary escape of defendant from custody which resulted in the dismissal of his appeal was a waiver of all errors raised in his original appeal." *Brinlee v. State,* Okl.Cr., 554 P.2d 816 (1976).

Accordingly, we are of the opinion, and so hold, that the appellant is not entitled to raise any issue on Post-Conviction which could have been raised on his regular appeal.

THE ORDER OF THE DISTRICT COURT DENYING HIS APPLICATION FOR POST–CONVICTION RELIEF IS AFFIRMED.

WITNESS OUR HANDS, and the Seal of this Court, this 13th day of September, 1977.

HEZ J. BUSSEY, PRESIDING JUDGE
TOM BRETT, JUDGE