Charlie MAINES, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. PC–79–302.

Court of Criminal Appeals of Oklahoma.

July 17, 1979.

## ORDER REMANDING TO THE DISTRICT COURT

This is an appeal from an order of the District Court of Bryan County, dated the 8th day of May, 1979, denying an application for post-conviction relief in Case No. CRF–77–126. Appellant was convicted in that case, after trial by jury, of Manslaughter in the First Degree and on the 17th day of March, 1978, was sentenced to fifteen (15) years' imprisonment. No timely direct appeal was perfected from the judgment and sentence and Appellant is now confined

in the Stringtown Correctional Facility. Appellant alleges in his post-conviction application, filed in the District Court the 24th day of April, 1979, that the testimony of a named prosecution witness at trial amounted to the uncorroborated testimony of an accomplice, insufficient in law to support the verdict, and further, that the trial court failed to properly instruct the jury as to the law pertaining to accomplice testimony.

We are compelled to remand this cause to the District Court for two reasons: First, Appellant was not entitled to a determination of the merits of his application in view of his unexplained failure to perfect a timely direct appeal, absent the "sufficient reason" required by 22 O.S.1971, § 1086; and second, the court's consideration of the merits was marred by an unduly restrictive construction of the application.

▮ It affirmatively appears from the application filed below and the petition filed by Appellant in this Court that Appellant failed to perfect a timely direct appeal despite being advised of his right to so appeal and his right to assistance at public expense on appeal, if indigent.[1] No explanation for the failure to appeal appears in the application or petition.

In these circumstances, Appellant takes on the appearance of one who has waived or deliberately bypassed his statutory direct appeal. This Court has previously held that 21 O.S.1971, § 1086 conditions the availability of relief under the Post Conviction Procedures Act where direct appeal has been waived or bypassed; § 1086 provides as follows:

"All grounds for relief available to an applicant under this act must be raised in his original, supplemental or amended application. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the applicant has taken to secure relief may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the prior application."

This section has been held to bar relief on issues raised in a post-conviction application which clearly could have been raised on a direct appeal, where the appeal had been waived by escape from custody during its pendency. *Austin v. State,* Okl.Cr., 569 P.2d 477 (1977); *Melvin v. District Court of Grady County,* Okl.Cr., 567 P.2d 1011 (1977); *Brinlee v. State,* Okl.Cr., 554 P.2d 816 (1976). The Court in *Brinlee,* supra, construed § 1086 as following the general rule found at 24 C.J.S. Criminal Law § 1606(9) be:

"We hold that the voluntary escape of defendant from custody which resulted in the dismissal of his appeal was a waiver of all errors raised in his original appeal. In so doing we are following the general rule.

'Generally, post-conviction hearing statutes do not afford relief in the case of alleged errors for which remedies were available before and during the original trial, or by review on motion for a new trial or on appeal. These statutes were

1. In the petition filed in this Court—on the form prescribed by this Court—, Appellant answered "No" to the following questions:

"Did you serve notice of intention to appeal and request preparation of a casemade or record within 10 days after date judgment and sentence was imposed."

"Did you request preparation of casemade or record at public expense in trial court and offer proof of inability to pay."

"Did you request the trial court to appoint counsel to assist you on appeal."

"Was an appeal perfected of the conviction."

The Appellant answered "Yes" to the following questions:

"Did the trial court or your attorney advise you of your right to appeal the judgment and sentence."

"Did the trial court or your attorney advise you of your right to appointment of counsel and preparation of a casemade at State Expense if you were indigent." [pages 3, 4 Appellant's brief].

In the application filed in District Court, on a form supplied by prison officials, Appellant answered "No" to the following questions:

"Did you take an appeal?"

"Did you seek any further review of or relief from your conviction at any time in any court?" [Page 2, App. for PCR].

not intended to afford a procedure to operate as a substitute for a motion for a new trial, or for an appeal or writ of error; and ordinarily a judgment of conviction may not be challenged on grounds which could have been raised by direct appeal.' * * *

"Our statute [22 O.S.1971, § 1086] follows this general rule: . . ." 554 P.2d at 817, 818.

This result is consonant with the expressed scope of the Act, found at 22 O.S. 1971, § 1080:

" . . . *Excluding a timely appeal,* this act encompasses and replaces all common law and statutory methods of challenging a conviction or sentence." [Emphasis added].

To permit one to waive or bypass, without "sufficient reason" as in § 1086, a timely direct appeal and proceed later by § 1080 application would tend to erode the limitation cited above, and undermine the efficacy of the statutory direct appeal, 22 O.S. 1971, § 1051.

Therefore, Appellant is advised that, on remand, he must articulate some "sufficient reason," i. e. special circumstances, as required by § 1086, explaining his failure to appeal in order to proceed to adjudication of the merits of his application.

■ Further, it appears that the District Court was overly restrictive in its consideration of the merits of the application. The order disposing of the application on its merits stated in relevant part as follows:

"1. THE COURT CONCLUDES after reviewing the Petitioner's Application for Post-Conviction Relief and the Instructions and verdict in the State vs. George Edward Kay case, that his Application fails to sustain a good and sufficient reason why his propositions of error should be sustained and the relief sought in his application should be granted. . . ."

\* \* \* \* \* \*

"3. THE COURT FURTHER CONCLUDES that since Applicant's position stated in his Application indicated he could prove his allegations by the instructions and verdict in the case of *State vs. George Edward Kay,* there is no necessity demonstrated requiring the State to furnish Applicant with his trial transcript."

The court alludes to the fact that, in his application, Appellant answered a form question by saying that his allegations for relief could be proved by examining the verdict and jury instruction in the case. In other words, the court refused to order up and examine the transcript of the challenged testimony for the sole reason that Appellant failed to include 'transcripts' among the materials listed in response to the question on the form. We find that this was error in view of the fact that Appellant had raised the need for the transcripts by motion, which motion was regarded as part of the application itself by the court.[2] The Post Conviction Procedures Act provides, at 22 O.S.1971, § 1083, that:

" . . . In considering the application, the court shall take account of substance, regardless of defects of form . . ."

It would appear that Appellant sufficiently raised the potential importance to his claims of the transcripts and he should not, in these circumstances, be bound by his statement on the application form. If the court finds on remand that the Petitioner has failed to establish a good and sufficient reason for his failure to appeal from the original judgment and sentence, the court should enter an order denying post-conviction relief for the reason that Petitioner waived appellate review by failing to file a timely appeal from his conviction. If, on the other hand, the court finds that the Petitioner was denied an appeal through no fault of his own, the court should then determine what portion of the record should be transcribed at public expense bearing on the issues presented in the petition.

---

**2.** In Finding of Fact Number 6, the court stated:

"THE COURT FURTHER FINDS in Applicant's Petition for Post-Conviction Relief he

has requested a transcript of his trial to be provided him at public expense."

For the foregoing reasons, this cause will be reversed and remanded to the District Court of Bryan County, for further proceedings not inconsistent with this order.

WITNESS OUR HANDS, and the Seal of this Court, this 17th day of July, 1979.

TOM R. CORNISH, PRESIDING JUDGE

TOM BRETT, JUDGE

HEZ J. BUSSEY, JUDGE