Richard CLIFT, Petitioner,

v.

STATE of Oklahoma, Respondent.

No. PC–85–337.

Court of Criminal Appeals of Oklahoma.

Oct. 23, 1985.

William T. Witt, Anadarko, for petitioner.

Michael C. Turpen, Atty. Gen., Mary F. Williams, Asst. Atty. Gen., Oklahoma City, for respondent.

OPINION

BRETT, Judge:

Petitioner, Richard Clift, has appealed to this Court from an order of the District Court of Caddo County denying his application for post-conviction relief in Case No. CRF–83–223. 22 O.S.1981, § 1087.

Petitioner was charged with Unlawful Delivery of Marijuana, 63 O.S.1981, § 2–401(B)(2), pled guilty and was sentenced to two years' imprisonment, ninety days to be served in the Caddo County jail and the remainder suspended. Petitioner completed his jail term prior to bringing this proceeding. In addition to the incarceration he was ordered to pay court costs, $20 into the victim compensation fund, the monthly probation fee to the Department of Corrections and $2,000 at $150 per month to the Caddo County Drug Fund. All of this was included in the plea bargain which the court accepted. The single issue presented by petitioner is a belated objection to the $2,000 drug fund donation. The amount assessed was within the range permitted for a fine under the statute petitioner was charged with violating (the maximum is $5,000). 63 O.S.1981, § 2–401. Petitioner's objection is the "sentence was in violation of the ... laws of this state" 22 O.S.1981, § 1080.

This $2,000 was not intended to be a fine nor was it to be paid into the general fund as in the case of a fine. The Caddo County Drug Fund is an authorized fund and is to be administered in the discretion of the district attorney. 63 O.S.1981, § 2–506. It

is clear, however, the creation of the fund is merely incidental to the primary purpose of the statute. The purpose is to provide a means of disposing of "any vehicle, airplane or vessel ..." lawfully seized in conjunction with drug enforcement efforts. There is a dollar limit on the amount that can be retained in the fund and the surplus is to be paid into the general fund of the county. There is no grant of authority for a district attorney to put money obtained in any other way into one of these funds. To find otherwise would be to place the district attorney's in a position of diverting funds, through the plea bargain process, from the general fund into one they control exclusively.

Petitioner contends this practice falls within the prohibition found in Article II, § 6 of the Oklahoma Constitution which reads:

> The courts of justice of the State shall be open to every person, and speedy and certain remedy afforded for every wrong and for every injury to person, property, or reputation; and right and justice shall be administered without sale, denial, delay or prejudice.

Since we find the district attorney had no authority to expand the fund this program does create a condition that could result in a violation of Article II, § 6.

Both petitioner and the State rely on *Gray v. State*, 650 P.2d 880 (Okl.Cr.1982). The State has given *Gray* too narrow an interpretation. In *Gray* the district attorney's transgressions were twofold one of which was the failure of the district attorney to advise the court that his plea bargain called for a donation to a special fund; the other problem was the fund. In this case we are only concerned with the propriety of the district attorney using his leverage in the plea bargaining process to add to a fund over which he has sole discretionary control. A disclosure to the district court and the inclusion of this contribution in the Judgment and Sentence under the guise of a condition of probation will not legitimize this practice, as the State would have us find.

Petitioner agreed to the sentence imposed and did not withdraw his guilty plea. He has not claimed he is not guilty or that the $2,000 exceeds the statutory amount of a fine for this crime. He does, however, claim the Caddo County Drug Fund cannot lawfully be the recipient of this money and he is correct.

Notwithstanding what Judge Bussey states in his dissent, petitioner is not challenging his conviction, nor is he challenging the authority of the trial court to assess a fine against him. Instead, he is challenging the authority of the trial court to direct the funds assessed not as a fine but as a special contribution into the special district attorney fund, contrary to the beforementioned statutes. In *Maines v. State*, 597 P.2d 774 (Okl.Cr.1979), Maines was challenging his conviction without having lodged an appeal from that conviction. Therein lies the distinction between *Maines* and the instant case. Consequently, the provisions of *Maines* do not apply to this case. We therefore remand this case to the district court with directions to amend the Judgment and Sentence, to delete all reference to the Caddo County Drug Fund and to direct the petitioner to pay a fine in the amount of $2,000 in to the general fund as in all other cases.

REVERSED and REMANDED with instructions as set forth above.

PARKS, P.J., concurs.

BUSSEY, J., dissents.

BUSSEY, Judge, dissenting:

I must respectfully dissent. The petitioner states in his brief, as does the State, that he never filed a direct appeal. This Court has repeatedly held that the provisions of 22 O.S.1981, § 1080 et seq. are not a substitute for direct appeal. See, *Maines v. State*, 597 P.2d 774 (Okl.Cr.1979). In order for the petitioner to proceed under the Post-Conviction Procedure Act, he must make a sufficient showing that he was denied a direct appeal through no fault of his own. I am of the opinion that the order appealed from should be affirmed.