Dear District Attorney Sullivan,
¶ 0 This office has received your letter asking for an official Opinion addressing, in effect, the following question:
 When entering into a deferred prosecution agreement pursuant to 22 O.S. 1991, §§ 305.1[22-305.1] et seq., may a condition of such agreement be that the accused pay an assessment to the revolving fund provided for at 63 O.S.Supp. 1994, § 2-506(L)(3) which is maintained by district attorneys to use in their discretion for the "enforcement of controlled dangerous substances laws, drug abuse prevention and drug abuse education"?
¶ 1 Title 63 O.S.Supp. 1994, § 2-506[63-2-506] provides for the forfeiture of property seized in connection with illegal drug transactions. Pursuant to 63 O.S.Supp. 1994, § 2-506[63-2-506](L)(3), the Legislature has established a revolving fund for the balance of the proceeds of the sale of forfeited property. Section 2-506(L) provides, in pertinent part:
 The proceeds of the sale of any property not taken or detained by the Oklahoma State Bureau of Narcotics and Dangerous Drugs Control, the Oklahoma Department of Public Safety, the Oklahoma State Bureau of Investigation, the Alcoholic Beverage Laws Enforcement Commission or the Oklahoma Department of Corrections shall be distributed as follows, in the order indicated:
 1. To the bona fide or innocent purchaser, conditional sales vendor or mortgagee of the property, if any, up to the amount of his interest in the property, when the court declaring the forfeiture orders a distribution to such person;
 2. To the payment of the actual expenses of preserving the property and legitimate costs related to the civil forfeiture proceedings; and
 3. The balance to a revolving fund in the office of the county treasurer of the county wherein the property was seized, said fund to be used as a revolving fund solely for enforcement of controlled dangerous substances laws, drug abuse prevention and drug abuse education, and maintained by the district attorney in his discretion for those purposes with a yearly accounting to the board of county commissioners in whose county the fund is established and to the District Attorneys Council; provided, one hundred percent (100%) of the balance of the proceeds of such sale of property forfeited due to nonpayment of a fine imposed pursuant to the provisions of Section 2-415 of this title shall be apportioned as provided in Section 2-416 of this title.
63 O.S.Supp. 1994, § 2-506[63-2-506](L).
¶ 2 Thus, pursuant to Section 2-506(L)(3), the following funds may be placed within the revolving fund: (1) the balance of proceeds from certain property forfeited pursuant to Section 2-506; and (2) the proceeds from the sale of property forfeited due to nonpayment of fines imposed pursuant to 63 O.S.Supp.1993, § 2-415[63-2-415], according to the provisions of 63 O.S.Supp.1993, § 2-503[63-2-503](D).
¶ 3 In addition, the Legislature has provided that a person convicted of violating a crime pursuant to 63 O.S.Supp. 1994, §2-401[63-2-401](F), may be assessed an amount not to exceed ten percent (10%) of the fine imposed. Such assessment is to be paid into the revolving fund created in Section 2-506(L)(3). Thus, the Legislature has specifically provided for revenue to be placed within the revolving fund in only three specific situations.
¶ 4 The language of 22 O.S. 1991, §§ 305.1[22-305.1] et seq.,
providing for the execution of deferred prosecution agreements, does not provide that monies received in connection with a deferred prosecution agreement may be placed within the revolving fund. Section 305.1 provides, in pertinent part:
 Before the filing of an information against a person accused of committing a crime, the State of Oklahoma, through its district attorney, may agree with an accused to defer the filing of a criminal information for a period not to exceed two (2) years.
22 O.S. 1991, § 305.1[22-305.1].
¶ 5 Title 22 O.S. 1991, § 305.2[22-305.2] sets forth the conditions which may be made when entering into a deferred prosecution agreement. Section 305.2 provides, in pertinent part:
 If an accused qualifies for the deferred prosecution program, the accused and the State of Oklahoma may execute an agreement whereby the accused agrees to waive any rights to a speedy accusation, a speedy trial, and any statute of limitations, and agrees to fulfill such conditions as the accused and the State of Oklahoma may agree including, but not limited to, restitution and community services.
. . . .
 The agreement may include provisions whereby the accused agrees to supervision by the Probation and Parole Division of the Department of Corrections. If the accused is required to be supervised by the Department of Corrections, he shall be required to pay a fee of Ten Dollars ($10.00) per month unless such fee would impose an unnecessary hardship on the accused. The fee shall be paid to the Probation and Parole Fund of the Department of Corrections. The Department of Corrections shall supervise and perform such other services as required by the district attorney to effectuate the agreement of the parties. The Probation and Parole Division shall report at least monthly to the district attorney on the progress of the accused, and shall report immediately if the accused fails to report or participate in any program.
 The agreement between the parties may require the accused to participate or consult with social service agencies, including any programs offered by the Department of Human Services, the Department of Mental Health and Substance Abuse Services, the Employment Security Commission, the Department of Corrections, federal services agencies, other state agencies, colleges, universities and vocational-technical schools and private or charitable service organizations. Any state agency called upon for assistance in a deferred prosecution program by any district attorney shall render such services and assistance as available, and shall bear the costs of any such services and assistance. If the accused has sufficient means, the accused may be required to reimburse all or a part of the cost of the services as a condition of participation in the deferred prosecution program.
 The agreement between the parties may require the accused to pay a victim compensation assessment pursuant to the provisions of Section 142.18 of Title 21 of the Oklahoma Statutes. The amount of such assessment shall be agreed to by the parties and shall be within the amounts specified in Section 142.18 of Title 21 of the Oklahoma Statutes for the offense charged.
22 O.S. 1991, § 305.2[22-305.2].
¶ 6 The statute does not provide for a condition of a deferred prosecution agreement to include the payment of an assessment to the revolving fund established in 63 O.S.Supp. 1994, §2-506[63-2-506](L)(3). Thus, there is no specific statutory authorization to place monies received in a deferred prosecution agreement into the revolving fund. While the language does not specifically prohibit such an assessment, state officers and agencies have only the specific powers and authority granted by statute, and those powers and authority which are necessarily implied from the specific grants of authority. Ledbetter v. Oklahoma AlcoholicBeverage Laws Enforcement Commission, 764 P.2d 172 (Okla. 1988). As we can find no necessity in making the payment of monies into the revolving fund a condition of a deferred prosecution agreement, such authority is not necessarily implied from the authority granted pursuant to 22 O.S. 1991, §§ 305.1[22-305.1] et seq.
Nor is such authority necessary to carry out the expressly granted powers. Accordingly, as there is no specific statute, or necessary implication, granting authority to place monies collected in a deferred prosecution agreement into the revolving fund, such actions are not authorized.
¶ 7 In Clift v. State, 708 P.2d 342 (Okla.Crim.App. 1985), the Court of Criminal Appeals held that a district attorney could not cause a condition of a plea negotiation to be that an assessment be paid into the same revolving fund established in63 O.S.Supp. 1994, § 205-6[63-205-6](L)(3). The Court based its holding on the fact that the Legislature had not granted authority to pay money into the revolving fund obtained in any way other than provided in 63 O.S. 1981, § 2-506[63-2-506]. Although the Legislature has since provided another manner to place money within the revolving fund, such procedure is specifically provided by statute. Thus, as stated above, if the Legislature intended that assessments from deferred prosecution agreements be paid into the revolving fund, it would so provide.
¶ 8 It is, therefore, the official Opinion of the AttorneyGeneral that:
 A district attorney may not enter into a deferred prosecution agreement pursuant to 22 O.S. 1991, §§ 305.1[22-305.1] et seq., which requires an accused to pay an assessment to the revolving fund provided for at 63 O.S.Supp. 1994, § 2-506(L)(3).
 W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
 JENNIFER B. MILLER ASSISTANT ATTORNEY GENERAL