F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**June 6, 2005**

**PATRICK FISHER**
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JERALD C. LEECH,

      Petitioner - Appellant,

v.

REGINALD HINES; THE
ATTORNEY GENERAL OF THE
STATE OF OKLAHOMA,

      Respondents - Appellees.

No. 04-6226
(W. D. Oklahoma)
(D.Ct. No. 03-CV-1558-L)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**
**AND DISMISSING APPEAL**

Before **SEYMOUR**, **LUCERO**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Jerald C. Leech appeals *pro se*[1] seeking a certificate of appealability (COA) from the district court's denial of his 28 U.S.C. § 2254 petition for writ of habeas

---

[1] We construe *pro se* pleadings liberally. *Ledbetter v. City of Topeka, Kan.,* 318 F.3d 1183, 1187 (10th Cir. 2003).

corpus. The district court granted Leech's motion to proceed *in forma pauperis*. There being no basis for an appeal, we deny COA.

## I. BACKGROUND

On August 8, 2000, Leech was driving his motor home when he was stopped by Enid, Oklahoma, police officers and arrested on an outstanding felony arrest warrant. After Leech was arrested, the police used a K-9 dog to sniff the inside of the motor home. The dog alerted to drugs in the back of the vehicle. The K-9 handler went to the back of the home and discovered a metal ashtray, uncapped syringe, Leech's driver's license and a plastic baggie containing off-white powder lying on the bed. The officer also observed another bag containing more off-white powder on the headboard and found other drug-related items throughout the motor home including a smoking pipe, scales and a receipt for a substance used in the manufacture of methamphetamine. The off-white substance was tested and determined to be methamphetamine.

On August 7, 2001, Leech was convicted of possession with intent to distribute methamphetamine (Count 1) and possession of drug paraphernalia (Count 2) in the District Court of Garfield County, Oklahoma. He was sentenced to concurrent terms of seven years and six months, respectively, on the two counts. He appealed his conviction on the first count arguing insufficiency of the evidence to the Oklahoma Court of Criminal Appeals (OCCA) which affirmed his

conviction on August 23, 2002. On April 24, 2003, Leech filed a *pro se* application for post-conviction relief with the District Court of Garfield County, Oklahoma, claiming his conviction resulted from a warrantless search and seizure of his motor home in violation of the Fourth Amendment. Leech also argued that his trial counsel was ineffective for failing to raise the warrantless search of Leech's motor home and that his appellate counsel was ineffective for failing to raise those two claims in his direct appeal. The district court denied Leech's request and the OCCA affirmed the district court's decision. In the process, the OCCA noted:

> Petitioner's Propositions One and Two both raise issues that could have been raised by Petitioner on direct appeal . . . . As his "sufficient reason" for failing to raise these claims on appeal, Petitioner asserts that his appellate counsel provided ineffective assistance by not raising them. The District Court addressed this ineffective assistance claim by finding its underlying search and seizure claim was meritless. More specifically, the District Court found, among other things:
>
>> After all the evidence and argument were concluded, the [trial] Court specifically found that the search was lawful on two grounds. First the search conducted was a proper inventory search of the vehicle incident to a felony arrest. Second, it was proper for the officer to look through the vehicle for any additional persons and the drug items were in plain sight. The evidence clearly supported the specific finding of the [trial] Court on this issue. Appellate Counsel was well aware of the issue and by letter to Petitioner concluded she could not raises [sic] the issue on appeal. The Court finds the decision of appellate counsel was reasonable under the circumstances and was not defective legal advice or practice. As a result, there is no merit to the application [for post-conviction relief].

(R., Doc. No. 8, Ex. E at 2-3.)

Leech timely filed a *pro se* habeas petition pursuant to 28 U.S.C. § 2254 in the United States District Court for the Western District of Oklahoma asserting the same three arguments raised in his state petition for post-conviction relief. The matter was referred to a magistrate judge who recommended the petition be denied. The District Court adopted, with some modification, the magistrate judge's recommendation and denied the habeas petition. The district court held that Leech's first and second claims were procedurally barred, that he failed to establish cause and prejudice to overcome the procedural bar, and that his ineffective assistance of appellate counsel claim was meritless because the drugs would inevitably have been discovered as a result of a proper inventory search without the dog sniff.

## II.  ANALYSIS

Unless this Court issues a COA, Leech may not appeal the dismissal of his § 2254 petition.  28 U.S.C. § 2253(c)(1)(A).  "[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting § 2253(c)(2)).  To make the requisite showing, a petitioner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were

adequate to deserve encouragement to proceed further." *Id.* (quotation marks and citation omitted).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted." *Id.*

With these principles in mind, we have carefully reviewed the record, and agree with the district court's conclusions. Leech does not dispute that he failed to raise either his warrantless search and seizure claim or his ineffective assistance of trial counsel claim on direct appeal to the OCCA. Under Oklahoma law, Leech is deemed to have waived these claims by failing to raise them on direct appeal. *See* 22 OKLA. STAT. ANN. tit. 22 § 1086; *Steele v. Young*, 11 F.3d 1518, 1521-22 (10th Cir. 1993) (citing *Maines v. State,* 597 P.2d 774 (Okla.Cr. 1979)). "On habeas review, this Court will not consider issues that have been defaulted in state court on an independent and adequate state procedural ground,

unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." *Hickman v. Spears*, 160 F.3d 1269, 1271 (10th Cir. 1998). This Court has previously held that Oklahoma's procedural bar at issue here is an independent and adequate state grounds. *Odum v. Boone*, 62 F.3d 327, 331 (10th Cir. 1995); *Steele*, 11 F.3d at 1521-22.

Leech argues his third claim, the ineffective assistance of appellate counsel, gives him cause to avoid the procedural bar.[2] Ineffective assistance of appellate counsel can serve as cause to avoid the state procedural bar. *Coleman v. Thompson*, 501 U.S. 722, 753-54 (1991). In order to show ineffective assistance of appellate counsel, Leech must demonstrate: "(1) that his counsel's performance fell below an objective standard of reasonableness and (2) that the deficient performance was prejudicial to his [case]." *Hickman*, 160 F.3d at 1273; *see also Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "When considering a claim of ineffective assistance of appellate counsel for failure to raise an issue, we look to the merits of the omitted issue." *Hooks v. Ward*, 184 F.3d 1206, 1221 (10th Cir. 1999) (citation omitted). Because the OCCA rejected Leech's claim of ineffective assistance of appellate counsel on its merits, its determination must be

---

[2] Leech does not rely on the fundamental miscarriage of justice exception. This exception is only available "where the prisoner supplements his constitutional claim with a colorable showing of factual innocence." *Herrera v. Collins*, 506 U.S. 390, 404 (1993) (quotations and emphasis omitted). No such showing was made in this case.

accorded a "level of deference . . . provided those determinations d[o] not conflict with federal law or apply federal law in an unreasonable way." *Williams v. Taylor*, 529 U.S. 362, 386 (2000)(citation & quotations omitted); *see also* 28 U.S.C. § 2254(d).

We agree with the OCCA and the district in their determinations that the performance by appellate counsel for Leech performance did not fall below an objective standard of reasonableness. Leech's warrantless search and seizure claim, which gives rise to both the ineffective assistance of trial counsel and appellate counsel claims, is without merit. When making a lawful custodial arrest, Police officers may make a search incident to the arrest of the passenger compartment of a vehicle. *New York v. Belton*, 453 U.S. 454, 460 (1981). This exception covers the interior of a motor home. *California v. Carney*, 471 U.S. 386, 393 (1985). Therefore, cursory inspections of motor homes are permissible when incident to a lawful arrest. *See United States v. Hill*, 855 F.2d 664, 668 (10th Cir. 1988) (upholding cursory search of a houseboat incident to arrest). It is uncontested the drugs and drug paraphernalia in Leech's motor home were lying on top of the bed in plain view and would have been inevitably discovered in the inspection of the mobile home, regardless of the use of a drug-sniffing dog.

Appellate counsel is not required to appeal every nonfrivolous issue, *Jackson v. Shanks*, 143 F.3d 1313, 1321 (10th Cir. 1998); *Banks v. Reynolds*, 54 F.3d 1508,

1515 (10th Cir. 1995), let alone issues which appear to be without merit. *Hawkins v. Hannigan*, 185 F.3d 1146, 1152 (10th Cir. 1999). Because Leech's underlying constitutional claim is without merit, he cannot show his appellate counsel's assistance fell below an objectively reasonable standard of conduct. As such, he cannot show cause to avoid Oklahoma's procedural bar precluding his other arguments not raised on direct appeal.

Based on the above, we **DENY** Leech's request for a COA and **DISMISS** the appeal.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge