UNITED STATES of America, Plaintiff–Appellee,

v.

Norma Leticia TREVINO, Defendant–Appellant.

Nos. 92–8629, 92–8630.

United States Court of Appeals, Fifth Circuit.

May 12, 1993.

Norma Leticia Trevino, pro se.

Henry J. Bemporad, Adrienne Urrutia, Asst. Federal Public Defenders, San Antonio, TX, Lucien B. Campbell, Federal Public Defender, Dan Newsome, Asst. Federal Public Defender, Del Rio, TX, for defendant-appellant.

Richard L. Durbin, Jr., Asst. U.S. Atty., Ronald F. Ederer, U.S. Atty., San Antonio, TX, for plaintiff-appellee.

## ORDER:

Norma Leticia Trevino was convicted of conspiracy to possess cocaine with intent to distribute. After sentencing, she requested appointed counsel for appeal, and the district court appointed Adrienne Urrutia, an assistant federal public defender for the Western District of Texas. Urrutia discovered that Jorge Payan–Vargas, one of Trevino's codefendants, had been represented until November, 1990 by Alfredo Villareal, a fellow assistant federal public defender for the Western District of Texas. By the time Urrutia's representation began, Payan–Vargas had pled guilty, testified at trial for the government, and not filed an appeal. Nevertheless, Urrutia filed a motion with this court seeking to withdraw as attorney of record. For the following reasons, that motion is denied.

In the Fifth Circuit, counsel appointed by the trial court "shall not be relieved except in the event of incompatibility between attorney and client or other most pressing circumstances." Judicial Council of the Fifth Circuit, Plan Under the Criminal Justice Act for Representation on Appeal § 3. In support of her motion to withdraw, Urrutia alleges a conflict of interest that will, if not remedied, deprive Trevino of effective assistance of counsel. If Urrutia's allegations of conflict are substantiated, then her motion to withdraw must be granted. That result would be required not only by the Fifth Circuit Plan, but also by the Constitution itself.

The Sixth Amendment guarantee of counsel is intended to ensure that a defendant has the assistance necessary to justify reliance on the outcome of the proceeding. Courts are particularly sensitive to claims of conflict of interest, because in such instances counsel breaches the all-important duty of loyalty to the client.

Counsel suggests that her discovery that Trevino's codefendant was represented by a fellow public defender creates "an irreconcilable conflict of interest" that would deprive Trevino of effective assistance of appellate counsel. Counsel also asserts that her inspection of Villareal's file on the Payan case further substantiates a conflict of interest that requires withdrawal.

Urrutia cites this court's opinion in *Foxworth v. Wainwright*, 516 F.2d 1072, 1076 (5th Cir.1975), where it was stated: "a conflict of interest is present whenever one defendant stands to gain significantly by counsel adducing probative evidence for advancing plausible arguments that are damaging to a codefendant who counsel is also representing." Counsel should have read on. This court also stated in *Foxworth* that a conflict must be more than illusory or imagined. *Id.* at 1077 n. 7. Other than broad, generalized assertions of a conflict of interest, Urrutia has failed to inform this court of any possible harm to Trevino's case resulting from Villareal's representation of Payan.

Urrutia also suggests that we should defer to her conclusion that a conflict of interest exists. While it is true that counsel "is in the best position professionally and ethically to determine when a conflict of interest exists" between co-defendants, *see United States v. Carr*, 740 F.2d 339, 348 (5th Cir.1984), we see no reason in this case to accept counsel's assertion of a conflict of interest in the absence of any evidence that the asserted conflict exists.

Underlying Urrutia's argument is the assumption that these circumstances demonstrate a case of multiple representation. Typically, the potential for a multiple representation conflict exists when codefendants are represented by the *same* attorney. The potential for such conflicts, however, does not necessarily exist when, as in this case, codefendants are represented by different attorneys, albeit in the same public defender office. The duty of loyalty runs only to that attorney's client; the attorney is in no way being asked to serve two masters.[1]

Of course, ethical problems may arise, particularly with regard to confidentiality, when members of the same public defender office represent codefendants. But such problems should be avoidable by strict adherence to the rules of professional responsibility. Because Urrutia undertook this defendant's representation after trial and after the prosecution of the codefendant had for all practical purposes ended, no real conflict of interest existed.

In this case Urrutia has failed to put forth pressing circumstances to support her motion to withdraw. The motion for leave to withdraw and to substitute counsel is **DENIED.**

---

1. The potential for conflict is even less in a public defender's office for a simple reason: no attorney there depends upon the clients for his/her salary. As a result, loyalty to one's own client cannot take a back seat to the financial qualms posed by defendant's and codefendant's relative abilities to pay.