30 F.3d 142
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Leslie Wayne SMITH, Petitioner-Appellant,
v.
Donald A. DORSEY, Warden, SNMCF; Attorney General of the
State of New Mexico, Respondents-Appellees.
 No. 93-2229.
 United States Court of Appeals, Tenth Circuit.
 July 29, 1994.
 
 1
 Before TACHA and EBEL, Circuit Judges, and ROGERS,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Petitioner Leslie Wayne Smith appeals from a district court order adopting the recommendation of the magistrate judge to dismiss his petition for a writ of habeas corpus under 28 U.S.C. 2254. Reviewing the district court's legal conclusions de novo and its factual findings for clear error, see Hill v. Reynolds, 942 F.2d 1494, 1495 (10th Cir.1991), we affirm for the reasons stated below.
 
 
 4
 Petitioner was tried without a jury in the district court for Lea County, New Mexico, on two counts of distributing controlled substances. The evidence showed he had served as intermediary in sales of narcotics and methamphetamines to undercover officers. He relied on an entrapment defense, claiming an informant the officers used to contact him had, unbeknownst to the officers, surreptitiously supplied the drugs as well, rendering petitioner a mere "conduit" for objectively impermissible police conduct. See generally Baca v. State, 742 P.2d 1043, 1045-46 (N.M 1987). The trial court rejected the defense, and petitioner's resulting conviction was affirmed by the New Mexico Court of Appeals. He then filed the instant habeas petition, challenging his conviction on several grounds: (1)ineffective assistance of trial counsel due to a conflict of interest; (2)ineffective assistance of trial counsel due to inadequate investigation regarding the availability of the government informant; (3)invalid waiver of a jury trial; and (4)denial of due process through the trial court's rejection of the entrapment defense. On this appeal, petitioner adds the objection that the district court erred by not ordering an evidentiary hearing to develop his habeas claims.
 
 
 5
 Petitioner's sole contention regarding conflict of interest is that the public defender department--not his particular trial attorney--had at some time in the past served as defense counsel for the government informant who solicited and later testified about the drug transactions underlying petitioner's conviction. "In this circuit, we apply the conflict principles from multiple representation cases to successive representation cases involving factually related litigation." Church v. Sullivan, 942 F.2d 1501, 1510 (10th Cir.1991)(following United States v. Winkle, 722 F.2d 605, 610 (10th Cir.1983)). Moreover, these same conflict principles apply whether the issue arises on direct criminal appeal or on habeas. Selsor v. Kaiser, 22 F.3d 1029, 1032-33 (10th Cir.1994). Accordingly, petitioner, who raised no pertinent objection during trial, "must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." Cuyler v. Sullivan, 446 U.S. 335, 348 (1980). However, if he can make this showing, prejudice will be presumed and he will be entitled to relief. Id. at 349-50; see, e.g., Church, 942 F.2d at 1510 (applying actual-conflict and presumption-of-prejudice principles from Cuyler in habeas case where petitioner's trial counsel had previously represented government witness).
 
 
 6
 In the context of successive representation, the potential for actual conflict turns on the existence of "a substantial and particular relationship between the two cases." United States v. Bowie, 892 F.2d 1494, 1501 (10th Cir.1990)(noting that "[a] collateral incident [of prior representation] relevant only to witness credibility does not satisfy this prerequisite"); see also Church, 942 F.2d at 1511 & n. 8 (emphasizing that counsel's former representation of witness was "factually intertwined with [petitioner's] case," and distinguishing prior successive-representation decision, which had rejected similar conflict claim, on basis of "close connection between the two representations [involved in Church ]"). Petitioner has not alleged, nor does the record suggest, any salient relationship between the public defender department's prior representation of the government informant and the particular circumstances of petitioner's prosecution.[2] Absent any indication regarding the possibility of an actual conflict, we see no basis for remanding for an evidentiary hearing, cf. Bowie, 892 F.2d at 1500, much less for granting habeas relief, see, e.g., United States v. Soto Hernandez, 849 F.2d 1325, 1329 (10th Cir.1988).
 
 
 7
 Furthermore, " 'there is no per se rule prohibiting representation of a defendant by counsel who has previously represented a government witness in [even] a related case[.]' " Church, 942 F.2d at 1511 (quoting Bowie, 892 F.2d at 1502). The petitioner must still establish that the relationship between the successive representations was such that counsel's performance on his behalf was adversely affected. To do this, he must point to specific instances in the record showing a conflict-related impairment of counsel's adversary function that is real rather than hypothetical. United States v. Burney, 756 F.2d 787, 792 (10th Cir.1985). Petitioner has not even attempted to meet this burden. Indeed, the documentary record reveals counsel's diligent efforts to obtain information with which to impeach the informant, see State R. at 44, 46, 49, 53, and the tape recording of the trial reflects her full, uninhibited cross-examination of the informant, carried through to her closing argument's emphasis on the informant's exposed "reason to lie." See Bowie, 892 F.2d at 1501 ("the primary conflict-of-interest concern is that defense counsel may not be able to effectively cross-examine the witness"); cf. Church, 942 F.2d at 1511 (noting significance of counsel's failure to cross-examine witness about circumstances surrounding his cooperation with authorities); Winkle, 722 F.2d at 610-11 (noting significance of counsel's inability to pursue line of cross-examination critical to theory of defense). Under these circumstances, we agree with the district court that petitioner has failed to assert a colorable constitutional claim regarding conflict of interest.
 
 
 8
 Petitioner's second ineffective assistance claim is based on counsel's alleged failure to investigate the whereabouts of the government's then-missing informant when petitioner waived his right to a jury one week before trial. According to petitioner, had he known the informant would eventually be located by the government and put on the stand, he would have insisted on a jury's determination of their conflicting testimony about the facts underlying his entrapment defense. The district court did not reach the merits of this claim, rejecting it instead on procedural bar grounds.
 
 
 9
 At the state level, petitioner did not raise this alternative ineffective assistance claim until his post-conviction proceeding, and then did not seek review of the trial court's denial thereof through the certiorari procedure provided in SCRA 1986, 5-802. The magistrate judge recognized this omission, noted that the time for seeking state appellate review had long since passed, see Rule 5-802(G)(2)(prescribing thirty-day period within which to file certiorari petition from denial of post-conviction relief), and recommended denial of the defaulted claim under the procedural bar principles set out in Dulin v. Cook, 957 F.2d 758, 759 (10th Cir.1992)(applying rule of anticipatory denial to find claim not presented to Utah Supreme Court through similar certiorari procedure defaulted under Coleman v. Thompson, 501 U.S. 722, 111 S.Ct. 2546, 2557 n. 1 (1991)). Although the magistrate judge raised this issue sua sponte, there is no due process problem here, as petitioner had an opportunity to address the matter by objecting to the magistrate judge's recommendation prior to the district court's adoption thereof.[3] See Hardiman v. Reynolds, 971 F.2d 500, 502-05 (10th Cir.1992)(holding district court may sua sponte raise and apply procedural bar defense, so long as habeas petitioner is afforded opportunity to respond).
 
 
 10
 The Dulin analysis relied on by the magistrate judge properly controls in the present context. See Ballinger v. Kerby, 3 F.3d 1371, 1374 (10th Cir.1993)(applying Dulin in case involving failure to file timely certiorari petition with New Mexico Supreme Court after denial of state habeas relief). Nevertheless, on appeal, petitioner, who is represented by counsel, focuses exclusively on the merits of the ineffective assistance issue and does not challenge any aspect of the district court's disposition on procedural bar grounds. In the absence of any allegations, below or on appeal, to even suggest the "cause and prejudice" or "fundamental miscarriage of justice" necessary to excuse petitioner's default in state court, see Coleman, 501 U.S. at ----, 111 S.Ct. at 2565, we will not disturb the district court's determination of the issue.
 
 
 11
 The unanticipated appearance of the government's informant just before trial also underlies petitioner's challenge to the validity of his jury trial waiver. We note petitioner does not contend that the government improperly induced this waiver through unkept promises or deliberate misrepresentations about the informant's availability. Rather, petitioner argues only that his (and, evidently, counsel's) expectation of being able to offer unopposed testimony to the court regarding petitioner's dealings with the informant was fortuitously frustrated. We have made it clear through numerous decisions in various contexts that neither the subsequent disappointment of expectations or predictions, nor the unanticipated reversal of existing circumstances will undermine the validity of a waiver that is otherwise voluntarily and knowingly made. See, e.g.,[4] United States v. Morrison, 938 F.2d 168, 171 n. 4 (10th Cir.1991)(subsequent judicial decisions indicating plea may have rested on faulty premise do not render plea invalid); Bailey v. Cowley, 914 F.2d 1438, 1440 (10th Cir.1990)(guilty plea not involuntary because entered under fear prosecution would use against defendant a prior conviction subsequently invalidated as unconstitutional); United States v. Rhodes, 913 F.2d 839, 843 (10th Cir.1990)(overly favorable estimate of likely sentence does not render plea involuntary), cert. denied, 498 U.S. 1122 (1991); Worthen v. Meachum, 842 F.2d 1179, 1184 (10th Cir.1988)(plea not involuntary despite expectation of parole based on bad guess of counsel); Wellnitz v. Page, 420 F.2d 935, 936-37 (10th Cir.1970)(erroneous prediction by counsel or expectation of defendant regarding likely consequences does not render plea invalid). We adhere to this body of precedent and uphold the validity of petitioner's jury waiver.
 
 
 12
 As for the matter of entrapment, petitioner's failure to prevail on this defense does not support a viable constitutional claim. The defense was rejected on the evidence by the state trial court acting as a factfinder and evaluating the credibility of the officers, the informant, and petitioner. See State v. Sheetz, 825 P.2d 614, 616-19 (N.M. Ct.App.1991). Consequently, its determination of the issue invokes the presumption of correctness established in 28 U.S.C. 2254(d). See Sumner v. Mata, 449 U.S. 539, 546 (1981). Moreover, none of the exceptions to the presumption set out in 2254(d)(1)-(7) applies, and a review of the record, particularly the tapes of the trial, reveals that the state court's rejection of the entrapment defense, in both its objective and subjective variants, is fairly supported by the evidence, as required by 2254(d)(8). We therefore defer to that determination.
 
 
 13
 Finally, we reject petitioner's contention that the district court should have granted him an evidentiary hearing. The district court properly concluded that petitioner's claims were facially insufficient to warrant relief and, therefore, did not justify a hearing. See Church, 942 F.2d at 1510; see, e.g., Hopkinson v. Shillinger, 866 F.2d 1185, 1205, 1211-12, 1217 (10th Cir.1989), cert. denied, 497 U.S. 1010 (1990).
 
 
 14
 The judgment of the United States District Court for the District of New Mexico is AFFIRMED.
 
 
 
 **
 Honorable Richard D. Rogers, United States District Judge for the District of Kansas, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 While, like other courts, we assume arguendo that successive representations by different attorneys in the same public defender office may give rise to a conflict-of-interest claim, see, e.g., Salam v. Lockhart, 874 F.2d 525, 528 (8th Cir.), cert. denied, 493 U.S. 898 (1989); Lightbourne v. Dugger, 829 F.2d 1012, 1023 (11th Cir.1987)(characterizing applicability of conflict principles to public defender's office a "substantial question"), cert. denied, 488 U.S. 934 (1988), we also note that the inherent potential for actual conflicts in such circumstances is relatively slight, see United States v. Trevino, 992 F.2d 64, 65-66 & n. 1 (5th Cir.1993)(discussing several factors reducing potential for intra-office conflicts in public defender context)
 
 
 [3]
 In petitioner's objections to the magistrate judge's recommendation, counsel conveyed petitioner's representation that a timely certiorari petition had indeed been filed, but added that "[c]ounsel has not yet verified whether this pleading was, in fact, filed with the New Mexico Supreme Court. When this has been ascertained, counsel will provide the Court with a certified copy." R. tab 30, at 2 n. 1. No such copy, nor any further representations in this regard, appear in either the record or petitioner's brief. We can only presume counsel ascertained that the facts of record did not substantiate petitioner's initial representations
 
 
 [4]
 The cases collected above involve valid guilty pleas, which simultaneously waive several constitutional rights of the criminal defendant, including the right to a trial by jury. See Parke v. Raley, 113 S.Ct. 517, 523 (1992). A fortiori, they identify circumstances that are insufficient to warrant invalidation of a jury waiver alone