United States Court of Appeals,

Fifth Circuit.

No. 95-60335

Summary Calendar.

Kay J. BURROUGHS, Plaintiff-Appellee,

v.

FFP OPERATING PARTNERS, L.P., Defendant-Appellant.

Dec. 4, 1995.

Appeal from the United States District Court for the Southern District of Mississippi.

Before KING, SMITH and BENAVIDES, Circuit Judges.

BENAVIDES, Circuit Judge:

This case returns to us following our remand to the district court for determination of the apportionment of damages. The sole issue in this appeal is whether the district court properly followed our mandate on remand. Concluding that it has, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

The complete history of this controversy is contained in our opinion in the first appeal making only a brief recap necessary here. *See Burroughs v. FFP Operating Partners, L.P.,* 28 F.3d 543 (5th Cir.1994). Appellee Kay Burroughs sued appellant FFP Operating Partners, L.P. ("FFP"), *inter alia,* for intentional infliction of emotional distress ("i.i.e.d.") and slander stemming from her employment termination. A jury found for Burroughs on both causes of action and awarded $250,000 in compensatory damages; the jury denied punitive damages. FFP appealed the district court's denial of a motion for judgment as a matter of law.

On appeal, we held as a matter of law that Burroughs's emotional injuries were not severe enough to meet the standard for intentional infliction of emotion distress under Mississippi law. Therefore, we reversed the jury verdict on that claim. 28 F.3d at 549. As for the slander count, FFP only challenged the falsity element. Following a review of the evidence presented at trial, we affirmed the jury's verdict on the slander claim because we were unable to say that no reasonable juror could have found for Burroughs. *Id.* at 550. Our mandate was explicit:

> The judgment is REVERSED on the i.i.e.d. claim, and j.m.l. is hereby granted in favor of FFP. The judgment is AFFIRMED on the slander claim, and the case is REMANDED for determination of the apportionment of the $250,000 jury verdict.

*Id.*

Faced with our mandate, the district court apportioned the entire damage award to the slander claim. It based this decision on the fact that under Mississippi law, the elements of compensatory damages for intentional infliction of emotional distress are subsumed into the elements of damages for slander. Since all of Burroughs's evidence would have been admissible to support the slander claim, the court apportioned 100% of the damages awarded by the jury to that claim. FFP now appeals contending the district court misunderstood our mandate.

DISCUSSION

The scope of our review in this appeal is limited. On a second appeal following remand, the only issue for consideration is whether the court below reached its final decree in due pursuance of our previous opinion and mandate. *Mobil Oil Corp. v. Department*

2

*of Energy,* 647 F.2d 142, 145 (Temp.Emerg.Ct.App.1981). We may, of course, consult our prior opinion to ascertain what was in controversy and what was intended by our opinion and mandate. *Id.* However, this Court will not reconsider issues decided by the prior panel. *Id.* Accordingly, in reviewing this appeal, our prior holding affirming the slander claim is the law of the case and will not be disturbed by this Court. *See Willy v. Coastal Corp.,* 915 F.2d 965, 968 (5th Cir.1990), *aff'd,* 503 U.S. 131, 112 S.Ct. 1076, 117 L.Ed.2d 280 (1992).

The present controversy stems from our mandate regarding the damage award. The jury answered a unified instruction on compensatory damages. The instruction described the appropriate categories of damages available including "mental pain and mental anguish, including humiliation, embarrassment and loss of reputation." The jury was not instructed to allocate damages for each of the counts alleged in Burroughs's complaint. This instruction was not objected to by FFP at trial or in the first appeal.

Because we sustained the slander claim, but reversed the intentional infliction of emotion distress claim, we found it necessary to remand the damage issue to the district court to allocate damages. We did not order a new trial on damages. Nor did we hold that the evidence was insufficient, as a matter of law, to support a claim for damages for slander. Our allocation instruction directed the district court to determine, based upon the record developed at trial, what part of the total damage award

is properly attributable to the intentional infliction of emotional distress claim, and what part is attributable to the slander claim. This is precisely what the district court did.

In its order following remand, the district court explained its approach to our mandate. The court first determined what evidence of damages was admissible solely with regard to the intentional infliction of emotional distress claim. The court correctly concluded that there was no evidence of damages that was admissible only under the i.i.e.d. claim. Since all evidence of damages was properly before the jury on the slander claim, the court concluded that the entire damage award of $250,000 could be attributable to the slander claim; the court so ordered. Under the circumstances, we do not find this approach inconsistent with our mandate.

At the outset, it is important to note the differences between the two underlying tort claims. To support an i.i.e.d. claim, a plaintiff must show *severe* emotional distress. Restatement (Second) of Torts § 46(1) (1965) ("One who by extreme and outrageous conduct intentionally or recklessly causes *severe emotional distress* to another is subject to liability for such emotional distress....") (emphasis added); *see Lyons v. Zale Jewelry Co.,* 246 Miss. 139, 150 So.2d 154, 158 (1963) (citing section 46 of the Restatement of Torts). Because of the fear of fictitious or trivial claims, distrust of the proof offered, and the difficulty of setting satisfactory boundaries of liability, severity is an element of i.i.e.d. *See* Restatement (Second) of

Torts § 46, cmts. b, j. Only the most extreme emotional injuries yield liability. *Id.* § 46, cmt. j. As we reasoned in the first appeal, the evidence adduced at trial simply did not rise to the level of severity required for the independent tort of intentional infliction of emotional distress.

That does not mean, however, that Burroughs's emotional injuries are uncompensable. While intentional infliction of emotional distress requires severe emotional injuries, the same level of severity is not required when the compensable emotional injuries stem from another independent tortious act. *See Lyons*, 150 So.2d at 157 ("It is clear, however that from the very earliest times, the law has allowed recovery for mental distress under some circumstances, where the act of defendant producing such distress also involved an independent tort of some kind, such as ... injury to reputation...."). In this case, we affirmed the jury's verdict on an independent tort of slander. This issue is not subject to further review. Unlike i.i.e.d., slander does not require severe emotional injuries before compensation is allowed. Appropriate damages for slander include impairment of reputation, personal humiliation, mental anguish and suffering. *Brewer v. Memphis Publishing Co.,* 626 F.2d 1238, 1246 (5th Cir.1980), *cert. denied,* 452 U.S. 962, 101 S.Ct. 3112, 69 L.Ed.2d 973 (1981); *see E.E.O.C. v. Southern Publishing Co.,* 705 F.Supp. 1213, 1219 (S.D.Miss.1988) ("The damages recoverable [for defamation] are for injury to reputation, though the damages may also include as an additional element emotional or mental harm."), *aff'd,* 894 F.2d 785 (5th

5

Cir.1990); Restatement (Second) of Torts § 623 ("One who is liable to another for a libel or slander is liable also for emotional distress and bodily harm that is proved to have been caused by the defamatory publication."). We have found no authority indicating under Mississippi law that only severe emotional injuries are compensable on a slander claim.

FFP contends in this appeal that Burroughs is only entitled to those damages stemming from injury to her reputation.[1] Consequently, FFP reiterates that since there is little record evidence of damage to Burroughs's reputation, the district court should have allocated a small amount of damages to this claim. As the above authority makes clear, this is not the case. Burroughs is entitled to compensation for her emotional injuries as well. While the evidence of emotional injuries does not rise to the level of severity to support an independent tort of intentional infliction of emotional distress, these injuries are compensable as damages for her slander claim.

The district court examined the record and found all the evidence of damages admitted at trial properly applied to the slander claim. In essence, the district court looked at the case

---

[1]FFP cites *Garziano v. E.I. Du Pont De Nemours & Co,* 818 F.2d 380, 395 (5th Cir.1987), for this proposition. In *Garziano,* we said that "[t]he law of Mississippi requires "not the knowledge of the plaintiff nor the injury to his feelings but the degrading of reputation' for recovery." 818 F.2d at 395. This statement, however, was not intended to define or limit the elements of damages for a slander claim. It does not dilute *Brewer, E.E.O.C.,* and the Restatement which make clear that if there is a finding of slander, emotional injuries are compensable.

as if it had been tried solely on a slander claim and concluded that the evidence could support the jury's damage award. We will not disturb this conclusion on appeal. The jury was properly instructed on the elements of compensable damages for slander. No objection to the instruction was made. The jury returned a verdict for $250,000 on the basis of evidence that is all applicable to the slander claim. FFP did not argue in its first appeal that there was insufficient evidence to support the jury's verdict on the slander claim. Furthermore, we specifically affirmed the jury's verdict on slander. The only question that remained was whether the evidence adduced at trial reflected that some of Burroughs's damages were *only* related to the i.i.e.d. claim. The district court concluded that there was none. No error was occasioned by such conclusion.

CONCLUSION

Satisfied that district court properly applied our mandate, the judgment is AFFIRMED.