IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-40903
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JOEL GONZALEZ,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-93-CR-16-1
- - - - - - - - - -
April 17, 1997
Before REAVLEY, DAVIS, and BARKSDALE, Circuit Judges.


PER CURIAM:[*]

     Joel Gonzalez appeals from the district court's reinstated
judgment following a remand by this court for a determination of
a double jeopardy issue in accordance with the opinion of this
court.  Gonzalez's sole issue on appeal is that the district
court erred in imposing a two-level enhancement to his base
offense level for obstruction of justice pursuant to U.S.S.G.

_____

     [*] Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

§ 3C1.1.  "On a second appeal following remand, the only issue for consideration is whether the court below reached its final decree in due pursuance of [this court's] previous opinion and mandate."  Burroughs v. F.F.P. Operating Partners, 70 F.3d 31, 33 (5th Cir. 1996).  This court limited the scope of the remand to the double jeopardy issue.  Because the sole issue Gonzalez raises on appeal is beyond the scope of review, we decline to consider it.  Gonzalez has abandoned the issue of the district court's determination of the double jeopardy issue by wholly failing to argue this issue on appeal.  See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).

Gonzalez's appeal is without arguable merit and is frivolous.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  Because the appeal is frivolous, it is DISMISSED.  See 5th Cir. R. 42.2.

APPEAL DISMISSED.