IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-30530
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OBADIAH STEPHENSON, Sr.,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 91-CR-0113
- - - - - - - - - -
April 25, 1997

Before JONES, DeMOSS and PARKER, Circuit Judges.

PER CURIAM:[*]

Obadiah Stephenson, prisoner # 22252-034, appeals the district court's dismissal of his motion for new trial following remand by this court directing the district court to accept supporting affidavits on the motion. The scope of this court's review following remand is limited to determining "whether the court below reached its final decree in due pursuance of [this court's] previous opinion and mandate." Burroughs v. FFP

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Operating Partners, 70 F.3d 31, 33 (5th Cir. 1996).  The district court has "both specific and inherent power to control its docket, and this includes the power to dismiss a case . . . as a sanction for a party's failure to obey court orders."  In re United Markets Int'l, Inc., 24 F.3d 650, 654 (5th Cir.), cert. denied, 115 S. Ct. 356 (1994).  The district court ordered Stephenson to file supporting affidavits to his motion for new trial, granted him numerous extensions to file such affidavits, and appointed him two different attorneys to assist him in obtaining the affidavits.  Stephenson refused the assistance of both attorneys.  The district court admonished Stephenson that the failure to file the affidavits would result in its dismissal of his motion.  Stephenson failed to comply with the district court's order.  The district court's action in dismissing Stephenson's motion for new trial was not an abuse of discretion.

The district court did not err by denying Stephenson's motion filed under Federal Rule of Criminal Procedure 34 as untimely because the motion was filed more than four years after entry of the judgment challenged and the record does not show that the trial court allowed additional time during which Stephenson was allowed to file a Rule 34 motion.  See Fed. R. Crim. Proc. 34.

Stephenson's motion for review of the district court's denial of his motion for release on bail pending appeal is DENIED as moot.

AFFIRMED. MOTION DENIED.