F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**OCT 28 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

FRED DEWITT MUNN, JR.,

     Petitioner - Appellant,

v.

RONALD WARD,

     Respondent - Appellee.

No. 98-6207

(D.C. No. 97-CV-794)

(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

After examining Petitioner-Appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Petitioner is an Oklahoma state prisoner. After a jury trial, Petitioner was convicted of robbery with firearms, first degree rape, oral sodomy, anal sodomy, and two counts of kidnapping for extortion. He received a sentence of seventy-

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

seven (77) years' imprisonment. Petitioner's direct appeal was denied by the Oklahoma Court of Criminal Appeals on May 18, 1983. Petitioner then filed an application for post-conviction relief, which also was denied. On October 31, 1989, the Oklahoma Court of Criminal Appeals affirmed the district court's denial of the application because it did not raise "any new issues or issues that could not have been raised in his regular appeal." R., Doc. 10 at Order filed Oct. 31, 1989.

Petitioner filed a 28 U.S.C. § 2254 petition for a writ of habeas corpus on April 23, 1997,[1] and an amended petition on October 6, 1997.[2] In his amended petition, he alleged that his convictions violated the double jeopardy prohibition on multiple punishments for the same offense and that the prosecutor's comments during closing arguments violated his due process rights and caused the jury to render an excessive sentence. On March 5, 1998, the magistrate judge recommended denying Petitioner's habeas corpus petition. According to the magistrate judge, federal habeas review of Petitioner's double jeopardy claim was

---

[1]Petitioner initially filed his petition for a writ of habeas corpus in the United States District Court for the Eastern District of Oklahoma. However, to secure proper venue, Petitioner's action was subsequently transferred to the Western District of Oklahoma.

[2]After reviewing Petitioner's first section 2254 petition, the district court found that he had failed to exhaust state remedies with respect to one of three counts. However, because requiring Petitioner to exhaust his remedies might have prevented him from pursuing his two additional claims under 28 U.S.C. § 2244(a) and (b), the court allowed Petitioner to amend his petition to omit the unexhausted claim.

precluded by the Oklahoma Court of Criminal Appeals' application of a procedural bar.[3] With respect to the prosecutorial misconduct claim, the magistrate judge determined that Petitioner had not raised a federal constitutional question because his sentence fell within state statutory limits. The district court adopted the magistrate judge's recommendations on April 21, 1998. Petitioner subsequently filed a notice of appeal. Construing the notice of appeal as a request for a certificate of appealability, the district court declined to grant Petitioner a certificate of appealability to appeal the denial of his section 2254 petition. Because Petitioner may not proceed on appeal unless he secures a certificate of appealability, see 28 U.S.C. § 2253, he now renews his application for a certificate of appealability in this court. We issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." Id. § 2253(c)(2).

Initially, we note that the magistrate judge's decision to review the procedural default issue sua sponte was within her authority. See Hatch v. Oklahoma, 58 F.3d 1447, 1453 (10th Cir. 1995) (stating that federal courts may raise state procedural bar defense sua sponte); Hardiman v. Reynolds, 971 F.2d 500, 503-05 (10th Cir. 1992) (noting that district court may raise defense of state

---

[3]Petitioner raised his double jeopardy claim for the first time in his post-conviction application. He raised his prosecutorial misconduct claim in both his direct appeal and in his application for post-conviction relief.

procedural default sua sponte so long as litigants are provided with an adequate opportunity to respond). The magistrate judge correctly determined that the application of a procedural bar by the Oklahoma Court of Criminal Appeals prohibited federal habeas review of Petitioner's double jeopardy claim. Under Oklahoma law, an applicant for post-conviction relief may not raise claims that could have been raised in a direct appeal absent special circumstances. See Okla. Stat. Ann. tit. 22, § 1086; Webb v. State, 661 P.2d 904, 905 (Okla. Crim. App.) ("Section 1086 bars relief on issues raised in a post-conviction application which clearly could have been raised on a direct appeal."), cert. denied, 461 U.S. 959 (1983); Maines v. State, 597 P.2d 774, 775 (Okla. Crim. App. 1979).

This court previously has held that the application of section 1086 by Oklahoma courts precludes federal habeas review unless a petitioner demonstrates cause for the default and actual prejudice resulting from the alleged violation of federal law. See, e.g., Brown v. Hargett, 940 F.2d 1538 (10th Cir. 1991) (Table). Although a remand to the district court ordinarily might be required to provide Petitioner with an opportunity to demonstrate cause and prejudice, see Hardiman, 971 F.2d at 505, in this case, Petitioner's filing of objections to the magistrate judge's recommendations prior to the district court's decision provided him with an adequate opportunity to respond. See Smith v. Dorsey, 30 F.3d 142 (10th Cir. 1994) (Table). Based on our review of the record, we conclude that Petitioner has

failed to satisfy the cause and prejudice test. See Murray v. Carrier, 477 U.S. 478, 488 (1986). Nor has Petitioner shown that a "failure to consider [his] claims will result in a fundamental miscarriage of justice," Coleman v. Thompson, 501 U.S. 722, 750 (1991), because this is not a situation in which "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Carrier, 477 U.S. at 496. We decline to issue a certificate of appealability on Petitioner's double jeopardy claim because the district court correctly concluded that the claim is procedurally barred.

Petitioner also contends that prosecutorial misconduct during his trial violated his federal constitutional rights by denying him due process and by causing the jury to impose an excessive sentence. When prosecutorial misconduct in a state trial court implicates a denial of due process, as opposed to a denial of a specific guarantee of the Bill of Rights, the proper inquiry is "'the narrow one of due process.'" Donnelly v. DeChristoforo, 416 U.S. 637, 642-43 (1974) (explaining that test is whether prosecutor's remarks so infect trial with unfairness that resulting conviction amounts to a denial of due process) (citation omitted). As the Supreme Court has stated, closing arguments "are seldom carefully constructed *in toto* before the event; improvisation frequently results in syntax left imperfect and meaning less than crystal clear." Id. at 646-47. Our review of the record indicates that Petitioner has not substantially shown the

denial of a constitutional right because the prosecutor's remarks did not so infect the trial with unfairness as to deny his right to due process.

In addition, the magistrate judge correctly determined that the prosecutor's comments did not lead the jury to impose an unconstitutionally excessive sentence on Petitioner. To obtain federal habeas relief based on an excessive sentence, a litigant must show that his sentence "exceeds or is outside the statutory limits, or is wholly unauthorized by law." Haynes v. Butler, 825 F.2d 921, 923-24 (5th Cir. 1987), cert. denied, 484 U.S. 1014 (1988); see also Vasquez v. Cooper, 862 F.2d 250, 255 (10th Cir. 1988) ("Generally, . . . appellate review of a sentence ends once it is determined that the sentence is within the limitations set by statute."); Herron v. United States, 551 F.2d 62, 64 (5th Cir. 1977) (per curiam) ("The severity of a sentence imposed within the statutory limits will not be reviewed."). Although incarcerating a defendant beyond a states's maximum applicable sentence "may implicate constitutional concerns, the period of incarceration within that time is necessarily discretionary with the sentencing judge." Vasquez, 862 F.2d at 255. Defendants have "no right to a particular sentence within the statutory limits." Id. We agree with the magistrate judge that, because Petitioner's sentences fall within established statutory limits, he has failed to show a federal constitutional violation. Accordingly, we decline to issue Petitioner a certificate of appealability on his prosecutorial misconduct claim.

We DENY Petitioner's application for a certificate of appealability and DISMISS this appeal.

Entered for the Court


Monroe G. McKay
Circuit Judge