IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————

No. 99-50724
Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HARRY SCHREIBER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. A:95-CR-130-1-JN

_____

May 5, 2000

Before POLITZ, WIENER, and PARKER, Circuit Judges.

PER CURIAM:[*]

Harry Schreiber appeals the sentence imposed following our remand for resentencing.[2] He also contends that the district court should have dismissed the indictment, that it erred in denying a requested jury instruction, that the statute of limitation barred the indictment, and that the trial court erred in calculating the amount

---

[*]    Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[2]**United States v. Izydore**, 167 F.3d 213 (5th Cir. 1999).

of loss involved in the offenses. These non-sentencing issues are not properly before the court for they are beyond the scope of the remand.[3]

As to his sentencing appeal, Schreiber contends that the district court erred by upwardly departing from the guidelines without notice. This contention is without merit. The record makes clear that, consistent with the requirements of Fed.R.Crim.P. 32(c)(1), Schreiber had actual notice of the district court's consideration of departing upwardly because his criminal history score did not adequately reflect his criminal past and his future propensity.[4]

AFFIRMED.

---

[3]**Burroughs v. FFP Operating Partners, L.P.**, 70 F.3d 31 (5th Cir. 1995) ("on a second appeal following remand, the only issue for consideration is whether the court below reached its final decree in due pursuance of our previous opinion and mandate.").

[4]**Burns v. United States**, 501 U.S. 129 (1991); **United States v. Milton**, 147 F.3d 414 (5th Cir. 1998).