IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-30275
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

EDWIN D. DELROSARIO,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 97-CR-20008-ALL
--------------------
January 24, 2001

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Edwin D. Delrosario appeals his sentence following the
revocation of his term of supervised release.  He requests that
court-appointed counsel be relieved of his duties and that new
appellate counsel be appointed.  Under the Criminal Justice Act
(CJA), a criminal defendant is entitled to representation at
every stage of the proceedings from his initial appearance before
the United States magistrate or the court through appeal.  18
U.S.C. § 3006A(c).  The court may, in its discretion and the
interest of justice, substitute one appointed counsel for another

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

at any stage of the proceedings on appeal. Fifth Circuit Plan under the CJA, § 2. Court-appointed counsel shall not be relieved except in the event of incompatibility between attorney and client or other most pressing circumstances. Id. at § 3; see United States v. Trevino, 992 F.2d 64, 65 (5th Cir. 1993)(single-judge order).

Delrosario's motion to relieve court-appointed counsel and to appoint new counsel is DENIED. Delrosario has not shown incompatibility or other pressing circumstances which would support his motion to relieve his counsel and appoint new counsel. Delrosario dissatisfaction with his attorney's assessment of the merits of his appeal, without more, is insufficient to warrant the substitution of counsel. Delrosario's motion for extension of time to file a reply brief is also DENIED.

With regard to Delrosario's challenge to the revocation of his supervised release, we hold that the district court did not abuse its discretion in revoking Delrosario's supervised release on the basis of his refusal to make restitution. United States v. McCormick, 54 F.3d 214, 219 (5th Cir. 1995). We also hold that the imposition of the statutory maximum penalty of 24 months' imprisonment was not plainly unreasonable. See United States v. Giddings, 37 F.3d 1091, 1093 (5th Cir. 1994). The judgment of the district court is AFFIRMED.