IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-31001
(Summary Calendar)
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES A. NORRIS, Jr.,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
(97-CR-30007-ALL)
- - - - - - - - - -
March 7, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant James A. Norris, Jr., appeals from his resentencing on remand from us following his direct appeal, see United States v. Norris, 217 F.3d 262 (5th Cir. 2000) ("Norris I"). Concluding that his former law partners were not victims because they suffered no loss, we held that the district court erred in ordering restitution but we rejected Norris's other attacks on his conviction and sentence. We therefore reversed and vacated the district court's restitution order, citing United States v.

_____

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Campbell, 106 F.3d 64, 70 (5th Cir. 1997) for the proposition that a restitution order can be reversed and vacated on appeal without a remand to the district court, see Norris I, 217 F.3d at 272. At the conclusion of our Norris I opinion, we affirmed in part and reversed and vacated in part; however, we did not mention remand, id. at 275. Unfortunately, when our Clerk of Court's office prepared the customary judgment in connection with issuing the mandate in Norris I, it departed from our opinion by adding the words "... and the cause is remanded ...", albeit that the purpose of the remand was stated to be "for further proceedings in accordance with the opinion of this Court" (emphasis added). Understandably, the district court was led astray by the mandate's inclusion of a remand.

The proper scope of a remand to the district court for resentencing is defined in United States v. Marmolejo,

> The only issues on remand properly before the district court are those issues arising out of the correction of the sentence ordered by this court. In short, the resentencing court can consider whatever this court directs —— no more, no less.

139 F.3d 528, 530-31 (5th Cir. 1998). See also Burroughs v. FFP Operating Partners, L.P., 70 F.3d 31, 33 (5th Cir. 1995) (on an appeal following remand, the only issue for consideration is whether the court below reached its final decree in due pursuance of this court's previous opinion and mandate).

When read, as it must be, in light of our opinion in Norris I, the language of the mandate remanding to the District Court "for further proceedings in accordance with the opinion of this Court"

2

(emphasis added), neither required nor permitted the district court to do anything with Norris's sentence except strike the restitution order. The district court did that, but then went on to impose a $60,000 fine. As imposition of a fine was not "in accordance with the opinion of this Court," the district court exceeded the scope of our mandate. Accordingly, we must vacate the district court's amended judgment on remand from Norris I and again remand the case to that court for entry of a judgment consistent with our June 26, 2000 opinion — striking only the restitution order from the original sentence and adding neither a fine nor anything else to it.

VACATED AND REMANDED with instructions.