IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-21308
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KATHERINE MINEYARD MILLIKEN,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CR-445-ALL
--------------------
October 30, 2002

Before DeMOSS, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Katherine Mineyard Milliken was convicted pursuant to a guilty plea of fraudulently using a Social Security number, in violation of 42 U.S.C. § 408(a)(7)(B).  This court affirmed Milliken's conviction, but vacated her sentence and remanded her case to the district court for resentencing.  See United States v. Milliken, Nos. 00-21080 and 00-21021 (5th Cir. Oct. 24, 2001)

_____

   [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(unpublished).  After Milliken was resentenced, she filed the instant appeal.

Milliken argues that her conviction must be reversed because the district court failed to explicitly warn her about the dangers and disadvantages of self-representation.  Milliken unsuccessfully raised the same argument in her original appeal.

On a second appeal following remand, the only issue for consideration is whether the court below reached its final decree in due pursuance of this court's previous opinion and mandate. Burroughs v. FFP Operating Partners, L.P., 70 F.3d 31, 33 (5th Cir. 1995).  "Under the 'law of the case' doctrine, an issue of law or fact decided on appeal may not be reexamined . . . by the appellate court on a subsequent appeal."  See United States v. Becerra, 155 F.3d 740, 752 (5th Cir. 1998).

Milliken does not challenge the manner in which the district court resolved her sentence after remand.  Accordingly, Milliken has abandoned her only viable appellate issue.  See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).  Milliken's argument regarding self-representation is unrelated to her resentencing hearing and is beyond the scope of this appeal. Moreover, the issue has already been considered and rejected by this court.  Milliken has not demonstrated that an exception to the law-of-the-case doctrine exists that would allow this court to re-examine her argument.  We decline to consider it.

The appeal is without arguable merit and is thus frivolous. Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  Because the appeal is frivolous, it is DISMISSED.  5TH CIR. R. 42.2.

In lieu of filing an appellee's brief, the Government filed a motion asking this court summarily affirm the district court's judgment.  The Government's motion is DENIED.  However, the Government need not file an appellee's brief.

APPEAL DISMISSED; MOTION FOR SUMMARY AFFIRMANCE DENIED.