IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40757
Conference Calendar
_____


GEORGE BENJAMIN ROBINSON,

                                        Plaintiff-Appellant,

versus

JERRY SCHILLING; DAVID GNUSCHKE; DOUG KAZ; GERARDI; J.
HADWIN; ALEX PERREZ,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-00-CV-238
--------------------
February 19, 2003
Before WIENER, EMILIO M. GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     George Benjamin Robinson, federal prisoner #16831-034,
appeals the district court's dismissal without prejudice of his
claims under Bivens v. Six Unknown Named Agents of Fed. Bureau of
Narcotics, 403 U.S. 388 (1971), following this court's remand of
Robinson's equal protection claims for further consideration.
Robinson's motion for records and sanctions is DENIED.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Robinson contends that the district court erred in dismissing his equal protection claims for failure to exhaust administrative remedies. Robinson claims to have filed administrative grievances on May 8, 1999, June 20, 1999, and August 3, 1999; however, those grievances could not have related to Robinson's equal protection claims, which arose from the termination of his prison job on or about May 2000. Robinson's vague and conclusional assertion that on some other unspecified date he filed administrative grievances is clearly insufficient to allege exhaustion. And Robinson's allegations regarding his filing of an August 7, 1999, grievance with the Deputy Attorney General and a September 12, 1999, claim under the Federal Tort Claims Act do not allege compliance with the official administrative grievance process. See 28 C.F.R. § 542.10 et. seq. Robinson has thus failed to allege with sufficient specificity that he exhausted his administrative remedies with respect to his equal protection claims. See Underwood v. Wilson, 151 F.3d 292, 296 (5th Cir. 1998).

To the extent that Robinson is suggesting that he was not required to exhaust his administrative remedies because the grievances he did file were ignored, his argument is without merit. A prisoner must exhaust all available administrative remedies, regardless of whether those remedies meet federal standards or are plain, speedy, or effective. See Porter v. Nussle, 534 U.S. 516, 524 (2002). There is no futility exception

to the exhaustion requirement.  See Booth v. Churner, 532 U.S. 731, 741 n.6. (2001).

Finally, Robinson's assertions that he suffered continuing retaliation after he was rehired to his prison job in December 2000 and that his legal papers were unconstitutionally confiscated in January 2002 are beyond the scope of this court's remand order and thus will not be considered.  See Burroughs v. FFP Operating Partners, 70 F.3d 31, 33 (5th Cir. 1995).  The judgment of the district court is AFFIRMED.

AFFIRMED; MOTION DENIED.