United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 1, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20670
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSEPH CHIKE AGHOLOR,

Defendant-Appellant.

---------------------
Appeals from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-440-1
---------------------

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Joseph Chike Agholor (Agholor) pleaded guilty to a seven-count indictment charging him with one count of illegal re-entry in violation of 8 U.S.C. § 1326(a) and (b)(2), one count of unlawful procurement of naturalization in violation of 18 U.S.C. § 1425(b), three counts of making false statements in passport applications in violation of 18 U.S.C. § 1542, and two counts of fraud in connection with identification documents in violation of 18 U.S.C. § 1028(a)(4).  This court vacated his sentence and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

remanded his case to the district court for resentencing.  See United States v. Agholor, No. 01-20222 (5th Cir. March 25, 2002).  After Agholor was resentenced, he filed the instant appeal.

Agholor argues that, for sentencing purposes, the district court should have grouped his convictions under United States Sentencing Guidelines § 3D1.2 into one group.  Agholor concedes that he unsuccessfully raised the same argument in his original appeal.  He states that he is raising the issue in this appeal to preserve it for further review.

On a second appeal following remand, the only issue for consideration is whether the district court reached its final decree in due pursuance of this court's previous opinion and mandate.  Burroughs v. FFP Operating Partners, L.P., 70 F.3d 31, 33 (5th Cir. 1995).  "[A] prior decision of this court will be followed without re-examination . . . unless (i) the evidence on a subsequent trial was substantially different, (ii) controlling authority has since made a contrary decision of the law applicable to such issues, or (iii) the decision was clearly erroneous and would work a manifest injustice."  See United States v. Becerra, 155 F.3d 740, 752-53 (5th Cir. 1998)(internal quotation marks and citation omitted).

Agholor has not demonstrated that this court should re-examine his argument.  The judgment of the district court is AFFIRMED.