United States Court of Appeals
Fifth Circuit

**F I L E D**

June 7, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40943
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GUILLERMO GALVAN,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:04-CR-82-1
---------------------

Before DAVIS, SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

Guillermo Galvan appeals his conviction by jury for possession of six grams of cocaine and 79 grams of marijuana with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and resulting 262-month sentence. His argument that the evidence was insufficient to support his conviction fails under any standard given that he confessed several times that he was bringing the drugs to a fellow gang member named Flaco. Galvan's argument that he was convicted solely on his own uncorroborated

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

confession is unpersuasive because the Government presented evidence fortifying the truth of Galvan's statements, including evidence that the drugs' packaging had not been disturbed (which would otherwise indicate personal use); Sloss's testimony confirming that she had received money from Flaco the day before she and Galvan left Mission, Texas, and that Flaco was a friend of hers and Galvan's; and by Ortegon's testimony that Galvan was a member of the Almighty Latin Kings gang. See United States v. DeVille, 278 F.3d 500, 506-07 (5th Cir. 2002).

Galvan next urges that the district court reversibly erred in refusing to give a requested jury instruction to the effect that the quantity of drugs involved could be consistent with personal use and did not give rise to an inference of intent to distribute. The argument fails because the substance of the requested jury instruction was in fact included in the court's charge, which instructed the jury that it could find the defendant guilty of the lesser included offense of mere possession. See United States v. Morales, 272 F.3d 284, 289 (5th Cir. 2001). The claim fails for the additional reason that Galvan's defense was not impaired by the lack of the instruction given that he was able to argue that the drugs could have been for his personal use and presented evidence to that effect. Id.

Galvan next urges that the district court abused its discretion in admitting evidence of his gang membership, including a photograph of him showing a gang tattoo, asserting

that the evidence was at best only marginally relevant but that its prejudicial effect outweighed any probative value and thus should have been excluded under FED. R. EVID. 403.

Even assuming, without deciding, that the district court abused its discretion in admitting the challenged evidence, the error is harmless given the other substantial evidence of Galvan's guilt, including his multiple confessions. See United States v. Haese, 162 F.3d 359, 364 (5th Cir. 1998); United States v. Rodriguez, 43 F.3d 117, 123 (5th Cir. 1995). Galvan has not demonstrated any reversible error in connection with his conviction, and his conviction is AFFIRMED.

Regarding the sentence imposed, Galvan renews the argument, preserved in the district court, that his constitutional rights were violated when the district court sentenced him as a career offender under U.S.S.G. § 4B1.1 based on facts regarding his prior convictions which were neither pleaded in the indictment nor proved beyond a reasonable doubt, citing Blakely v. Washington, 124 S. Ct. 2531 (2004) and United States v. Booker, 125 S. Ct. 738, 756 (2005). He further contends that the career-offender adjustment was error because one his prior conviction for burglary of a habitation was not a "crime of violence." These claims fail because a sentencing judge's determination of career-offender status, including whether a prior conviction is a "crime of violence," does not implicate Booker. United States v.

<u>Guevara</u>, ___ F.3d ___, No. 03-11299, 2005 WL 1009772, *6 (5th Cir. May 2, 2005).

Galvan also urges that the district court erred in concluding that it lacked the authority under the guidelines to depart downwardly.  Even if it is assumed that Galvan did not preserve the objection adequately in the district court, the district court plainly erred in imposing Galvan's sentence under a mandatory guidelines scheme.  <u>See</u> <u>United States v. Valenzuela-Quevedo</u>, __ F.3d __, No. 03-41754, 2005 WL 941353 at *4 (5th Cir. Apr. 25, 2005).  The error affected his substantial rights because it appears from the district court's comments at sentencing that it would have imposed a lighter sentence under an advisory guidelines scheme.  <u>See</u>, <u>e.g.</u>, <u>United States v. Pennell</u>, ___ F.3d ___,  No. 03-50926, 2005 WL 1030123 at *5 (5th Cir. May 4, 2005).  Consequently, Galvan's sentence is VACATED, and the case is REMANDED for resentencing.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED FOR RESENTENCING.