**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**July 11, 2006**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-41332
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GUILLERMO GALVAN,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:04-CR-82-ALL
--------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Guillermo Galvan appeals from his resentencing following our earlier remand of his case. See United States v. Galvan, 133 F. App'x 154 (5th Cir.), cert. denied, 126 S. Ct. 496 (2005). In our earlier opinion, we found that the district court plainly erred when it imposed Galvan's sentence under a mandatory guidelines scheme and that this error affected Galvan's substantial rights as it appeared the district court would have imposed a lighter sentence under an advisory guidelines scheme.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Galvan, 133 F. App'x at 156.  We remanded the case for resentencing.

On appeal following remand, Galvan does not challenge his newly-imposed sentence, but rather raises the same issues already decided by this court in his first appeal.[1]  Galvan correctly concedes that none of the exceptions to the law-of-the-case doctrine are present in this appeal and that the law-of-the-case doctrine prohibits this court from considering the issues raised by Galvan in this appeal.  See United States v. Becerra, 155 F.3d 740, 752-53 (5th Cir. 1998); Burroughs v. FFP Operating Partners, 70 F.3d 31, 33 (5th Cir. 1995).

Galvan nonetheless asserts that he raises these issues to preserve them for review by the Supreme Court.  We agree that his claim is foreclosed and find that it has no merit.

The Federal Public Defender's motion to withdraw is denied because it fails to establish "that there is a conflict of interest or other most pressing circumstances or that the interests of justice otherwise require relief of counsel."  Fifth Circuit Plan Under the CJA, § 5(B); see United States v. Trevino, 992 F.2d 64, 65 (5th Cir. 1993).  The Federal Public Defender's motion to seal is granted.

AFFIRMED; MOTION TO WITHDRAW DENIED; MOTION TO SEAL GRANTED.

---

[1]  The Supreme Court denied Galvan's petition for certiorari in his original appeal.  See Galvan v. United States, 126 S. Ct. 496 (2005).