# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

January 7, 2020

No. 18-31010
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TENISHA DESHEA CARTER, also known as Nicky,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:10-CR-230-4

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Tenisha Deshea Carter appeals the sentence imposed at resentencing for her convictions for conspiracy to distribute and to possess with intent to distribute five kilograms or more of cocaine and for two counts of using a communication facility for the commission of the conspiracy. This court previously vacated Carter's conviction for the conspiracy count, and because the sentences for all three counts were intertwined, this court vacated the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentences of all of the defendants and remanded for resentencing.  Carter argues, in challenging the denial of her motion for judgment of acquittal, that the evidence is insufficient to support her convictions, and she also challenges the district court's evidentiary ruling at trial.  The Government has moved for summary affirmance because Carter raises no issues challenging her resentencing.

"On a second appeal following remand, the only issue for consideration is whether the [district court] reached its final decree in due pursuance of [this court's] previous opinion and mandate." *Burroughs v. FFP Operating Partners*, 70 F.3d 31, 33 (5th Cir. 1995).  Any issues that were not raised in Carter's prior appeal and which go beyond the scope of this court's remand order are deemed abandoned.  *See Eason v. Thaler*, 73 F.3d 1322, 1329 (5th Cir. 1996).  "Under the law of the case doctrine, an issue of fact or law decided on appeal may not be reexamined either by the district court on remand or by the appellate court on a subsequent appeal." *United States v. Matthews*, 312 F.3d 652, 657 (5th Cir. 2002) (internal quotation marks and citation omitted).

Because Carter's argument challenging an evidentiary ruling at trial is beyond this court's remand order, we decline to consider it.  *See Burroughs*, 70 F.3d at 33.  Likewise, Carter's challenge to the denial of her motion for judgment of acquittal is beyond this court's remand order.  *See id.*  To the extent that she presents the same arguments challenging the sufficiency of the evidence, this court will not reconsider issues decided by a prior panel.  *See Matthews*, 312 F.3d at 657.

The Government's motion for summary affirmance is DENIED.  The Government's alternative request for extension of time is DENIED as unnecessary.  The judgment of the district court is AFFIRMED.